## DONALD WYMAN, P.P.A.
### vs.
## THE STATE Y. M. C. A.

Superior Court     New Haven County     File #49052

Present:   Hon. ARTHUR F. ELLS, Judge.

Thomas H. Cox;
Nathan Passell,        Attorneys for the Plaintiff.

Martin E. Gormley,        Attorney for the Defendant.

MEMORANDUM FILED JUNE 10, 1936.

ELLS, J. In view of the widespread use of summer recreation camps for boys and girls conducted for private profit, or, as in this case, by public spirited organizations making a

reasonable charge to cover expenses, it seems strange that little, if any, law can be found defining the duties and obligations of the owners and managers as to the care and oversight of the camp members.

That such a camp owes a legal duty to use reasonable care to keep its premises reasonably safe, and a further duty of care in relation to reasonable supervision, can hardly be doubted. The present case involves the latter duty.

Much of the activity of the modern camp occurs beyond the confines of the camp property. For instance, overnight hikes are taken to Mt. Washington or Mt. Mansfield; canoe trips to distant lakes and rivers. If injury occurs, what is the test or measure of liability? It is difficult of clear general statement.

The plaintiff's injury came from perhaps the most common cause of all,—stumbling or slipping and falling over or off a rock. Had the boys been on a hike with a camp leader, scrambling over these very rocks, and this injury occurred, it is hard to believe there would be liability. The gravamen of the charge here is that the councillor did not report the boy's absence to headquarters, or did not himself organize a searching party. If there was negligence in this respect, was it a substantial factor in causing the injury complained of?

This boy ran away from camp. He left with a companion during the dinner hour, at noon, without the permission or knowledge of the tent leader, and in direct violation of the rules and regulations of the camp, and went to a log hut located on a cliff on land beyond the camp property. This hut had been built by previous campers many years before, and camp members, accompanied by councillors, had been allowed to go there upon certain occasions each year. On the way up the hill, the plaintiff dropped his sweater, and while going back for it slipped or stumbled and fell four or five feet and was injured,—fortunately not seriously. The fall was such as any lively boy might well suffer while climb- ing over rocks, and certainly this defendant is not liable for his misstep or stumble. The only negligence alleged in the complaint is (a) "That said cliff so located within the confines of its camp was dangerous and might cause injury to mem- bers." This was not within the confines of the camp,—and almost everything in the surrounding woods and mountains, ponds and streams "might cause injury" to boys. (b) "Said

cliff was not surrounded by a guard rail or any form of protection and did not have any warning sign thereon." How impossible it would be to protect all the cliffs, pitfalls, ponds, holes, blowdowns and rocks in the surrounding territory so that they could not possibly injure a runaway boy! Suppose it could be done, and signs plastered all over the countryside telling of possible danger. Imagine a boys' camp thus equipped—"Don't climb this tree"—"Look out for this rock" —"Hold onto this guard rail"—"Keep out of this water"— "Don't run away." It would be a boys' camp—but without boys. Even "sissies" wouldn't go there!

The plaintiff's only cause of complaint has not been alleged. Assume the councillor was negligent in not reporting the boy's absence, thus possibly starting a blind search,—would it have been of avail? The plaintiff must prove, by a fair preponderance of the evidence, negligence which was a substantial factor in producing the injury. There is no such proof here.

Camp owners and managers do owe an important duty of reasonable care, both in relation to camp property and to supervision and control of camp members, but there is no evidence that any duty which was a substantial factor in producing this injury has here been violated.

Judgment is for the defendant.